**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ANDREW FRISCH, et al.,

    Plaintiffs,

v.

INSPERITY HOLDINGS, INC., et al.,

    Defendants.

Civil Action No. 15-840 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two Cross-Motions for Summary Judgment. The first Motion for Summary Judgment ("Plaintiff's Motion" or "Plaintiff's Motion for Summary Judgment") was filed by Plaintiff Andrew Frisch ("Plaintiff").[1] (ECF No. 46.) Defendants Insperity Holdings, Inc. ("Insperity"), United Healthcare Insurance Company ("United"), and United Behavioral Health ("UBH") (collectively, "Defendants") filed opposition (ECF No. 69), and Plaintiff replied (ECF No. 74). The second Motion for Summary Judgment was filed by Defendants ("Defendants' Motion" or "Defendants' Motion for Summary Judgment"). (ECF No. 51.) Plaintiff filed opposition (ECF No. 64), and Defendants replied (ECF No. 72). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the parties' Cross-Motions for Summary Judgment are DENIED without prejudice.

---

[1] Although the docket does not indicate original Plaintiff Samuel Frisch as terminated, the Court dismissed all claims brought by Samuel Frisch on Defendants' motion to dismiss. (ECF Nos. 21, 31.) Accordingly, Andrew Frisch remains the sole Plaintiff in this case.

I. **Background**

This matter arises from two adverse benefit determinations with respect to a group insurance policy (the "Plan"). (Defs.' Statement of Undisputed Material Facts ("SUMF") ¶¶ 1-2, ECF No. 56.) The first adverse benefit determination concerned the Intensive Outpatient ("IOP") level of care for Plaintiff "from December 23, 2013 and forward," (*id.* ¶ 96), and the second adverse benefit determination concerned the IOP level care for Plaintiff "from January 14, 2014 and forward," (*id.* ¶ 104). Plaintiff proceeded to appeal both adverse benefit determinations, and both decisions were upheld on appeal. (*Id.* ¶¶ 120, 123, 125.) Although Defendants allege that they provided Plaintiff with two items of correspondence regarding the decisions on appeal (collectively, "Final Adverse Determinations"), which purportedly included information regarding the ability to request review from an Independent Review Organization, Plaintiff asserts that he never received the Final Adverse Determinations. (*Id.* ¶¶ 124, 126; Pl.'s Resp. to Defs.' SUMF ¶¶ 124, 126, ECF No. 65.) Plaintiff never requested a review from an Independent Review Organization, which, Plaintiff notes, can only be requested upon receiving a Final Adverse Determination. (Defs.' SUMF ¶¶ 124, 127; Pl.'s Resp. to Defs.' SUMF ¶¶ 124, 127.)

II. **Legal Standard**

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the

evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (citation omitted).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Id.* at 250. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists, then the court must grant summary judgment. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Furthermore, "a party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations." *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 209 (D.N.J. 2001).

"The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468 (D.N.J. 2002). "When ruling on cross-motions for summary judgment, the court must consider the motions independently . . . and view the evidence on each motion in the light most favorable to the party opposing the motion." *Id.* at 468-69 (internal citations omitted). "That one of the cross-motions is denied does not imply that the other must be granted." *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 794 (D.N.J. 2015); *accord F.A.R. Liquidating Corp. v. Brownell*, 209 F.2d 375, 380 (3d Cir. 1954).

### III. Discussion

Under 29 C.F.R. § 2650.503-1(j), Plaintiff was entitled to receive notifications of the Final Adverse Determinations upon appeal with respect to IOP level of care treatment "from December 23, 2013 and forward" and "January 15, 2014 and forward." Section 2650.503-1(j)(4)(i) further entitled Plaintiff to receive "[a] statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain information about such procedures." Here, it is unclear from the administrative record whether Plaintiff was provided the proper notifications and the opportunity to pursue a review by an Independent Review Organization. Under the Plan, Plaintiff was entitled to request a review of his adverse benefit determination upon denial of his appeal. (Decl. of Melissa A. Vogt, Ex. A ("Frisch-United") 90, 278, ECF Nos. 54, 55.) The Plan further states that United "will pay for the costs relating to this review and will comply with this decision." (*Id.*)

Here, Plaintiff claims that he was precluded from requesting this option because he was never provided with the Final Adverse Determinations nor information regarding the ability to request a review by an Independent Review Organization. Accordingly, the Court denies both Cross-Motions for Summary Judgment without prejudice and remands to the Plan Administrator to make further findings of fact as to whether the Final Adverse Determinations were provided to Plaintiff and to provide Plaintiff, at this time, the opportunity to request review by an Independent Review Organization, which he is entitled to under the Plan. The Court does not reach the merits of the parties' Cross-Motions for Summary Judgment at this time. *See, e.g., Van Deventer v. Johnson & Johnson Pension Comm. of Johnson & Johnson*, 547 F. App'x 133, 135-36 (3d Cir. 2013) (upholding a district court's decision to deny cross-motions for summary judgment and remand to the plan administrator without making a determination on the merits, to rectify issues

4

that "may constitute procedural irregularities in the claim review process"). If Plaintiff decides that he will not request a review by an Independent Review Organization, the parties may file renewed motions for summary judgment.

## IV.    Conclusion

For the reasons set forth above, the parties' Cross-Motions for Summary Judgment are DENIED without prejudice. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 31, 2017